UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

———————

LISA ANN BAUM,

      Plaintiff,

Case No.
Hon.

vs.

NORTHERN FAB & MACHINE, LLC,
a Michigan Limited Liability Company,

      Defendant.

_____/

James C. Baker (P62668)
Attorneys for Plaintiff
STERLING ATTORNEYS AT LAW, P.C.
33 Bloomfield Hills Pkwy., Ste. 250
Bloomfield Hills, MI 48304
(248) 644-1500
jbaker@sterlingattorneys.com

_____/

## COMPLAINT AND JURY DEMAND

Plaintiff Lisa Ann Baum, by her attorneys Sterling Attorneys at Law, P.C., for her Complaint and Jury Demand against defendant submits the following:

### JURISDICTIONAL ALLEGATIONS

1. Plaintiff is an individual residing in Menominee, Michigan.

2. Defendant Northern Fab & Machine, LLC ("Northern Fab") is a Michigan Limited Liability Company, incorporated under the laws of the State

of Michigan, located and having a principal place of business in Menominee, Michigan.

3.  Plaintiff brings this action pursuant to the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 USC 216(c) and 217, to enforce the requirements of the Equal Pay Act of 1963 (the "EPA"), codified as Section 6(d) of the FLSA, 29 USC 206(d), and the Elliott-Larsen Civil Rights Act, MCL 37.2101, *et seq*.

4.  Defendant is an employer, and plaintiff an employee, as defined by the FLSA, the EPA, and the Elliott-Larsen Civil Rights Act.

5.  This Court has federal question jurisdiction of plaintiff's federal claims under 28 USC 1331 because this action arises under the laws of the United States.

6.  This Court has supplemental jurisdiction over plaintiff's state law claims under 28 USC 1367(a).

7.  Venue is proper under 28 USC 1391(a)(2) and (b)(2) because the unlawful employment actions giving rise to the claims occurred in this district and division.

**GENERAL ALLEGATIONS**

8.  Plaintiff Lisa Ann Baum began working for Northern Fab on April 15, 2015.

9. Plaintiff is 58 years old, and when employed was the second oldest employee with Northern Fab.

10. Plaintiff's employment was terminated on October 28, 2021.

11. Plaintiff was the only female manager/supervisor of four managers/supervisors in a shop where, aside from a female human resources employee, only one other female works on the shop floor.

12. While employed, Plaintiff's title was "Planning/Purchasing Manager," yet she performed a myriad of other management functions within Northern Fab.

13. Plaintiff and her male counterparts were employed in same or similar management roles, performed same or substantially similar job duties and functions for Northern Fab, and were employed for roughly equivalent periods of time, at least until plaintiff's involuntary termination.

14. Between 2015 and October 28, 2021 when plaintiff was terminated, the male managers/supervisors were paid significantly more than plaintiff.

15. Over the six years plaintiff worked for Northern Fab, the average male manager's salary exceeded plaintiff's salary by an average of $10,000 per year.

16. The pay disparity existed despite the fact that plaintiff performed equal work under similar conditions.

17. Northern Fab fostered an environment in which male employees were treated better than plaintiff, a female, in regard to the terms and conditions of employment.

18. When a male subordinate verbally attacked plaintiff, it was plaintiff who was chastised and ridiculed by the company's ownership in the manner in which plaintiff performed her job duties causing the incident; in other words, Northern Fab's ownership faulted plaintiff for the male employee verbally attacking her.

19. When plaintiff complained to Northern Fab that her salary was disparate when compared to male managers' salaries, Northern Fab did not increase her salary to that commensurate with her male counterparts.

20. Plaintiff asked to have her pay increased commensurate to her male counterparts.

21. Plaintiff was provided a nominal pay increase in April 2021, which defendant called a merit raise, not an adjustment to address Plaintiff's complaint, and not an adjustment to bring Northern Fab into compliance with the Equal Pay Act.

22. A few weeks before she was terminated, plaintiff again complained that her salary was significantly less than her male counterparts.

4

23. Thereafter until she was terminated, Northern Fab began a campaign of limiting plaintiff's access to needed company information and processes, thus impacting her ability to perform her job duties.

24. Mere weeks after complaining of pay disparities between the male managers/supervisors and herself, plaintiff was involuntarily terminated.

25. Plaintiff was replaced by a much younger man.

26. Northern Fab attempted to disguise its discrimination by changing the younger man's job title to "Supply Chain Manager," despite the job duties being the same as those that plaintiff was tasked to perform when she was employed as "Planning/Purchasing Manager."

27. Plaintiff was qualified for her position while employed with Northern Fab.

28. Prior to complaining about pay disparities due to her sex, plaintiff received performance evaluations where she either exceeded expectations or was considered an excellent employee.

29. Plaintiff did not engage in conduct detrimental to Northern Fab, such that there was no cause to terminate her employment, nor did plaintiff engage in misconduct that gave rise to her involuntary termination.

### COUNT I – VIOLATION OF THE EQUAL PAY ACT

30. Plaintiff incorporates the preceding paragraphs by reference.

31. The Equal Pay Act provides, in relevant part, that "[n]o employer … shall discriminate … between employees on the basis of sex by paying wages to employees … at a rate less than the rate at which he pays wages to employees of the opposite sex … for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions …" 29 USC 206(d)(1).

32. Plaintiff and her male counterparts performed jobs requiring equal skill, effort, and responsibility.

33. Plaintiff and her male counterparts performed their jobs under similar working conditions.

34. Defendant paid a salary differential in violation of the Equal Pay Act by paying plaintiff less than her male counterparts.

35. Defendant knew that by paying plaintiff less than her male counterparts it was in violation of the Equal Pay Act and/or was acting in reckless disregard of the Equal Pay Act.

36. Plaintiff was terminated for complaining that her pay was not commensurate with her male counterparts; thus, defendant's conduct in terminating plaintiff rather than to comply with the Equal Pay Act is further evidence of Northern Fab's reckless disregard of the Equal Pay Act.

37. As a direct and proximate result of defendant's conduct, plaintiff suffered lost compensation and other incidental, consequential, and statutory damages, including attorney fees.

WHEREFORE, plaintiff respectfully requests that this Honorable Court enter judgment against defendant, in whatever amount plaintiff is found to be entitled, consequential damages, statutory damages, equitable relief, interest as an element of damages, statutory interest, costs and attorney fees and costs.

### COUNT II – DISCRIMINATION IN VIOLATION OF THE ELLIOTT-LARSEN CIVIL RIGHTS ACT

38. Plaintiff incorporates the preceding paragraphs by reference.

39. Defendant discriminated against plaintiff with respect to the terms, conditions, and privileges of employment due to plaintiff's sex and age.

40. The Elliott Larsen Civil Rights Act prohibits an employer from "fail[ing] or refus[ing] to hire or recruit, discharg[ing], or otherwise discriminat[ing] against an individual with respect to employment, compensation, or a term, condition, or privilege of employment, because of age [and] sex…. MCL 37.2202(1).

41. Plaintiff's sex was a factor in defendant's decision to pay plaintiff less compensation than her male counterparts.

42. Plaintiff's sex was a factor in defendant's decision to terminate plaintiff's employment.

7

43. Defendant was predisposed to discriminate against plaintiff based on her sex and favored male managers/supervisors over plaintiff.

44. Defendant discriminated against plaintiff because of her age.

45. Plaintiff was replaced by a younger male.

46. Defendant's discrimination adversely affected plaintiff's compensation, terms, conditions, and privileges of employment in violation of the Elliott-Larsen Civil Rights Act, MCL 37.2101, *et seq*.

47. As a direct and proximate result of defendant's discriminatory conduct, plaintiff has suffered lost compensation and the economic benefits of her employment, emotional distress, and other incidental and consequential damages, including attorney fees.

WHEREFORE, plaintiff respectfully requests that this Honorable Court enter judgment against defendant, in whatever amount plaintiff is found to be entitled, together with consequential damages, equitable relief, non-economic damages, interest as an element of damages, interest, attorney fees, and costs.

### COUNT III – RETALIATION IN VIOLATION OF THE MICHIGAN ELLIOTT-LARSEN CIVIL RIGHTS ACT

48. Plaintiff incorporates the preceding paragraphs by reference.

49. The Elliott-Larsen Civil Rights Act states a "person shall not … retaliate … against a person because the person has opposed a violation of th[e] act…." MCL 37.2701(a).

50. Defendant is a "person" as defined by the Act.

51. Plaintiff opposed sex discrimination practices in Northern Fab.

52. Plaintiff's opposition included complaining that defendant's pay practices relative to her were discriminatory based on her sex.

53. Plaintiff's opposition culminated in her involuntary discharge from defendant's employ.

54. Plaintiff's opposition was acknowledged by defendant in the form of Northern Fab limiting and restricting plaintiff's access and ability to perform her job duties contemporaneous with her complaining about sex-based pay disparities.

55. Defendant's conduct toward plaintiff revealed an intent to retaliate against plaintiff because she is a woman.

56. Defendant illegally retaliated against plaintiff because she opposed discrimination against her because she is a woman, by bringing her concerns of sex-based pay disparity to ownership.

57. As a direct and proximate result of defendant's retaliation, plaintiff has suffered injuries and is entitled to compensation for any lost wages, her lost tangible and intangible benefits of employment, her emotional distress, and other incidental, consequential, and exemplary damages, including attorney fees and interest as an element of damages, statutory attorney fees, and costs.

## JURY DEMAND

Plaintiff Lisa Ann Baum, by her attorneys Sterling Attorneys at Law, P.C., demands a trial by jury.

          Respectfully submitted,

          STERLING ATTORNEYS AT LAW, P.C.

          By: /s/ James C. Baker
              James C. Baker (P62668)
              Attorney for Plaintiffs
              33 Bloomfield Hills Pkwy., Ste. 250
              Bloomfield Hills, MI 48304
              (248) 644-1500
              jbaker@sterlingattorneys.com

Dated: December 6, 2021